Filed 12/12/24  P. v. Ward CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL WARD,<br><br>    Defendant and Appellant. | 2d Crim. No. B332407<br>(Super. Ct. No. 1351702)<br>(Santa Barbara County) |

Michael Ward appeals from an order recalling his sentence and resentencing him pursuant to Penal Code section 1172.7 or 1172.75.[1]  He contends the trial court erred when it denied his request to dismiss certain sentence enhancements pursuant to section 1385, subdivision (c)(2).  We will direct the trial court to amend the abstract of judgment:  (1) to reflect additional post-

---

[1] All further undesignated statutory references are to the Penal Code.

sentencing custody credit, and (2) to correct a transcription error in Section 6 of the abstract.  We will otherwise affirm.

FACTUAL AND PROCEDURAL HISTORY

A jury convicted appellant of one count of kidnapping (§ 207); five counts of corporal injury to spouse/cohabitant (§ 273.5, subd. (a)); two counts of witness dissuading by force (§ 136.1, subd. (c)(1)); one count of forcible rape (§ 261, subd. (a)(2)); one count of dissuading a witness (§ 136.1, subd. (b)(1); and one count of false impersonation (§ 529).  The jury found several enhancements true:  a domestic violence great bodily injury enhancement on four counts (§ 12022.7, subd. (e)); a deadly weapon enhancement on two counts (§ 12022, subd. (b)(1)); and a prior prison term enhancement (§ 667.5, subdivision (b)).  The trial court sentenced appellant to an aggregate term of 32 years, four months in state prison.  It awarded him 631 days of presentence credit, including 549 days of actual credit and 82 days of conduct credit.  We affirmed his conviction on appeal. (*People v. Ward* (May 28, 2014, B243098) [nonpub. opn.].)

The trial court found appellant eligible for resentencing under section 1172.7 and/or 1172.75.  At the hearing, it struck the one-year prior prison term enhancement under section 667.5, subdivision (b) as legally invalid.  It commended appellant for participating in rehabilitation and education programs over the prior four years and reduced the base term on the kidnapping count from eight years (the upper term) to five years (the middle term).  The trial court reimposed all other components of the original sentence, resulting in a new aggregate term of 28 years, four months in state prison.  It re-awarded appellant 631 days of presentence credit and ordered CDCR "to calculate post sentence credits."

## DISCUSSION

*Enhancements*

Appellant contends the trial court erred when it declined his request to dismiss three bodily injury enhancements and one deadly weapon enhancement from his sentence pursuant to section 1385, subdivision (c).  Subdivision (c) provides in part:

"(1) Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute.

"(2) In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present.  Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety. 'Endanger public safety' means there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others."

The parties agree two of subdivision (c)(2)'s nine mitigating circumstances are present here, i.e., subparagraphs (B) and (C). Subparagraph (B) states:  "Multiple enhancements are alleged in a single case.  In this instance, all enhancements beyond a single enhancement *shall be dismissed*."  (§ 1385, subd. (c)(2)(B), italics added.)  Subparagraph (C) states:  "The application of an enhancement could result in a sentence of over 20 years.  In this instance, the enhancement *shall be dismissed*."  (§ 1385, subd. (c)(2)(C), italics added.)

Appellant contends the "shall be dismissed" language of subparagraphs (B) and (C) makes dismissal mandatory for the

trial court. None of the remaining seven mitigating circumstances listed in subdivision (c)(2) contain this language. Subparagraph (B), it follows, "*required* the trial court to dismiss three of the four enhancements" imposed on him. (Bold omitted.) Similarly, subparagraph (C) "*required* the trial court to dismiss [all] four enhancements." (Bold omitted.) We review this contention de novo as a question of statutory interpretation. (*People v. Lewis* (2021) 11 Cal.5th 952, 961.)

Our Supreme Court recently rejected an argument that the presence of one or more mitigating circumstances creates a rebuttable presumption obligating a trial court to dismiss an enhancement. (See *People v. Walker* (2024) 16 Cal.5th 1024, 1029 (*Walker*) ["[A]bsent a finding that dismissal would endanger public safety," it held, "a court retains the discretion to impose or dismiss enhancements provided that it assigns significant value to the enumerated mitigating circumstances when they are present"].) A corollary of this holding is that the presence of mitigating circumstances did not "require" the trial court to dismiss appellant's enhancements here. *Walker* did not identify subparagraphs (B) and (C) as exceptions to its holding.

Appellant points out that *Walker* did not decide whether the "'shall be dismissed'" language entitles subparagraphs (B) and (C) "to a different construction" than the other mitigating circumstances listed in section 1385, subdivision (c)(2). (*Walker*, *supra*, 16 Cal.5th at p. 1035, fn. 5.) We need not decide the issue either. The presence of mitigating factors "weighs greatly in favor of dismissing an enhancement, *unless the court finds that dismissal of the enhancement would endanger public safety*." (§ 1385, subd. (c)(2), italics added.) We decline to read the "shall be dismissed" language as "requir[ing] the sentencing court to endanger public safety. That cannot be what the Legislature

4

intended." (*People v. Mendoza* (2023) 88 Cal.App.5th 287, 296, italics omitted.) The construction of subparagraphs (B) and (C) relative to the other mitigating circumstances would come into play only once the trial court has made this threshold determination.

The trial court found unequivocally that dismissing appellant's enhancement would endanger public safety. It stated as follows at the resentencing hearing: "Given the extent of the violence that existed in these offenses, given Mr. Ward's previous criminal history, the number of criminal convictions, the increasing seriousness of them, the status of being on parole when he committed these . . . the court does believe that dismissing all of those enhancements . . . would endanger public safety. He is on the right track of rehabilitating himself. The court doesn't doubt that. But given the number of years that he has shown – the violence he has shown and . . . the history he has had, [four] years doesn't, in the court's mind, necessarily equate to the feeling that, okay, we could let him out, and, . . . he wouldn't pose a danger to the community or to public safety. And, quite frankly, the court doesn't think it is in the furtherance of justice to dismiss those enhancements." The trial court here acted within its discretion based on appellant's offenses and criminal record. (See *People v. Mendoza, supra*, 88 Cal.App.5th at p. 298 [the trial court's exercise of discretion """"must not be disturbed on appeal *except* on a showing that the court exercised its discretion in an arbitrary, capricious or patently absurd manner that resulted in a manifest miscarriage of justice.""""]

*Credits*

The trial court re-awarded appellant his original custody credit and ordered CDCR "to calculate post sentence credits" for the time between his original sentence and resentencing.

5

Appellant contends, and the People agree, the trial court should have calculated his actual credit instead of delegating the task to CDCR. (§§ 2900.1, 2900.5, subd. (d); *People v. Buckhalter* (2001) 26 Cal.4th 20, 29.) The parties also agree Section 6 of the current abstract of judgment, titled "Total Time on Attached Pages," mistakenly reflects 19 years, four months when it should reflect nine years, zero months. The abstract of judgment should be corrected in both respects.

DISPOSITION

The October 10, 2023, order directing CDCR to recalculate custody credits is vacated. The matter is remanded to the trial court and the trial court is directed to recalculate appellant's custody credits for actual time served and to amend the abstract of judgment: (1) to reflect appellant's custody credits, and (2) to correct the total time reflected in Section 6. The trial court shall then forward the amended abstract to the Department of Corrections and Rehabilitation. The judgment is otherwise affirmed.

NOT TO BE PUBLISHED.

CODY, J.

We concur:

GILBERT, P. J.

YEGAN, J.

6

Kay S. Kuns, Judge
Superior Court County of Santa Barbara

_____


The Law Offices of Aaron J. Schechter, Aaron J. Schechter, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill, Supervising Deputy Attorney General, and David F. Glassman, Deputy Attorney General, for Plaintiff and Respondent.